Johnson, J.
delivered the opinion of the Court.
The position that a party will not he permitted to produce general evidence to discredit his own witness, is unquestionably correct: But it is only necessary to advert to the rule, to detect at once, that it doe's not apply to this case. The object of introducing testimony, is to ascertain the truth of the facts in dispute between the parties, and it would be a perversion of this object, to permit a party to shew, that what he has offered as evidence of the truth of the facts, was derived from a source so foul and polluted, as to be utterly unworthy of credit; and if one will, knowingly, so far practise on the Court as to offer a witness of infamQus character, he deserves all the consequences which may follow such a fraud.
It is then the general character of the witness, which, according to the rule, the party introducing him is not permitted to call in question, and not a particular fact, to which the witness may have deposed; for, if carried to that extent, a party would be debarred from introducing more witnesses than one, unless they should all state the circumstances in the same terms; a thing not to be expected, and in itself a ground of suspicion.
A party is not then concluded by a fact which a witness, called by him, may unexpectedly state ; and he will be permitted to shew by other evidence that he was mistaken. It was so ruled by Lord Ellenborough, in Alexander v. Gibson, 2 Camp. 556, (cited 1 Phil. in Ev. 232) which was a case very like the present. There the defendant’s servant was called by the plaintiff to prove that he had warranted the soundness of a horse ; but he unexpectedly swore that he had not; and yet the plaintiff was permitted to call another witness to prove that he had. In the case under consideration, Weaver was called to prove that he had received the amount due to the plaintiff, he unexpectedly denied it. The defendant was, acecording to the case referred to,- at liberty to call another witness to prove that he had acknowledged payment, and his declaration or admission was clearly evidence proper to go to the Jury.
Motion refused.